Filed 12/7/22

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LYNELL TRAVON LEWIS,<br><br>Defendant and Appellant. | F082553<br><br>(Kern Super. Ct. No. BF123070C)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County. Charles R. Brehmer, Judge.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I. and III. of the Discussion.

Defendant Lynell Travon Lewis was charged with a slew of crimes largely in connection with a casino robbery he carried out alongside fellow gang members. In the published portion of this opinion, we reject defendant's claim that trial courts have discretion to impose punishment under Penal Code section 12022.5, subdivision (a)[1] in lieu of a section 12022.53 enhancement found true by the jury. (See § 12022.53, subd. (j).) In the unpublished portion of the opinion, we accept the Attorney General's concession that that defendant's gang convictions and gang-related enhancements must be reversed in light of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). We also conclude any arguments arising under newly enacted sentencing legislation should be raised in the trial court in the first instance on remand.

## BACKGROUND

### Convictions

Defendant Lynell Travon Lewis (Lewis) was convicted of four counts of second degree robbery (counts 1–4; § 212.5, subd. (c)), six counts of assault with a semiautomatic firearm (counts 5–7, 9–11; § 245, subd. (b)), five counts of assault with an assault weapon (counts 12–14, 16–17; § 245, subd. (a)(3)), two counts of transporting an assault weapon (counts 19, 24; former § 12280, subd. (a)(1); see § 30600), two counts of participating in a criminal street gang (counts 21, 28; § 186.22, subd. (a)), one count of conspiracy to commit assault with a semiautomatic firearm (count 22; § 182, subd. (a)(1)), one count of conspiracy to commit robbery (count 23; *ibid.*, and one count of carrying a loaded firearm in public by a member of a criminal street gang (count 26; former § 12031, subd. (a)(2)(C)), and two counts of possessing a firearm as a felon (counts 18 & 27; former § 12021, subd. (a)(1)).[2]

---

[1] All further statutory references are to the Penal Code unless otherwise stated.
[2] The court granted a motion for acquittal (§ 1118.1) on counts 8 and 15, which alleged assaults on a Robert Goldfisher. A charge of vehicle theft (count 20) was dismissed pursuant to a stipulation between counsel. Another charge of vehicle theft (count 25) was dismissed on the court's motion.

The jury found that all of these crimes were committed for the benefit of, or in association with, a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members (§ 186.22, subd. (b)), except the active gang participation counts (counts 21, 28) and the single count of possessing a loaded firearm by an active street gang member (count 26).

The jury also found that, as to the robbery counts, defendant was a principal and at least one principal personally used a firearm as alleged in the indictment. (Former § 12022.53, subd. (e)(1).) The jury further found that a principal was armed during the commission of the two conspiracy counts. (Former § 12022, subd. (a).)

The jury also found that defendant personally used a firearm during the commission of the six counts of assault with a semiautomatic firearm and the two counts of active participation in a criminal street gang. (Former § 12022.5, subd. (a).)

The trial court found that the prior convictions alleged against defendant were true.

Defendant was sentenced to 71 years in prison.

**Prior Appeals**

Defendant appealed from the resultant judgment. In *People v. Bell* (2015) 241 Cal.App.4th 315 (*Bell I*), we conditionally reversed the judgment and remanded the matter for the court to strike defendants' pleas of once in jeopardy or conduct a jury trial on said pleas. On remand, the trial court struck defendant's plea of once in jeopardy and reinstated the convictions. (See *People v. Bell* (2020) 47 Cal.App.5th 153, 177 (*Bell II*).) The court sentenced defendant to an aggregate term of 59 years and four months. (*Id*. at p. 161.)

In *Bell II*, we affirmed the trial court's ruling striking defendant's plea of once in jeopardy. However, we remanded for the trial court to exercise newfound sentencing discretion under Senate Bill No. 620 (2017–2018 Reg. Sess.) and Senate Bill No. 1393 (2017–2018 Reg. Sess.). (*Bell II*, *supra*, 47 Cal.App.5th at p. 200.)

3.

**Resentencing after Bell II**

On March 17, 2021, the court resentenced defendant to an aggregate term of 46 years as follows:  the upper term of 18 years on count 11, plus 10 years under section 12022.5, subdivision (a), plus a stayed (Cal. Rules of Court, rule 4.447) (Rule 4.447) term of 10 years under section 186.22, subdivision (b); a consecutive two-year term for count 1, plus three years four months under section 12022.53, subdivisions (b) and (e)(1), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); a consecutive two-year term for count 2, plus three years four months under section 12022.5, subdivisions (b) and (e)(1), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a consecutive two-year term on count 3, plus three years four months under section 12022.53, subdivision (b) and (e)(1), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a consecutive two-year term on count 4, plus a stayed (Rule 4.447) 10-year term under section 186.22, subdivision (b), plus a stayed term of three years four months under section 12022.53, subdivisions (b) and (e)(1); plus a concurrent 18-year term on count 5, plus 10 years under section 12022.5, subdivision (a), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a concurrent sentence of 18 months[3] on count 6, plus 10 years under section 12022.5, subdivision (a), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a concurrent term of 18 years on count 7, plus 10 years under section 12022.5, subdivision (a), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a concurrent term of 18 years on count 9, plus 10 years under section 12022.5, subdivision (a), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a concurrent term of 18 years on count 10, plus 10 years under section 12022.5,

---

[3] This should have been 18 *years*, like the other counts under section 245, subdivision (b).  Because defendant will be resentenced as a result of the disposition in this opinion, we need not address the issue further.

4.

subdivision (a), plus a stayed (Rule 4.447) term of 10 years under section 186.22, subdivision (b); plus a concurrent term of 24 years on count 12, plus five years under section 186.22, subdivision (b); plus a stayed (§ 654) term of 24 years on count 13, plus a stayed (§ 654) term of 5 years under section 186.22, subdivision (b); plus a stayed (§ 654) term of 24 years on count 14, plus a stayed (*ibid.*) term of five years under section 186.22, subdivision (b); plus a stayed (§ 654) term of 24 years on count 16, plus a stayed (*ibid.*) term of five years under section 186.22, subdivision (b); plus a stayed (§ 654) term of 24 years on count 17, plus a stayed (*ibid.*) term of five years under section 186.22, subdivision (b); plus a stayed (§ 654) term of six years on count 18, plus a stayed (*ibid.*) term of four years under section 186.22, subdivision (b); plus a stayed (§ 654) term of 16 years on count 19, plus a stayed (*ibid.*) term of four years under section 186.22, subdivision (b); plus a stayed (§ 654) term of six years on count 21, plus a stayed (*ibid.*) term of 10 years under section 12022.5, subdivision (a); plus a stayed (§ 654) term of 10 years on count 23, plus a stayed (*ibid.*) term of five years under section 186.22, subdivision (b), plus a stayed (§ 654) term of one year under section 12022, subdivision (a)(1); plus a stayed (§ 654) term of 16 years on count 24, plus a stayed (*ibid.*) term of four years under section 186.22, subdivision (b); plus a stayed (§ 654) term of six years on count 26; plus a stayed (*ibid.*) term of six years on count 27, plus a stayed (*ibid.*) term of four years under section 186.22, subdivision (b); plus a stayed (§ 654) term of six years on count 28, plus a stayed (*ibid.*) term of 10 years under section 12022.5, subdivision (a).[4]

Defendant appeals.

---

[4] The court struck the section 667, subdivision (a) enhancement to count 11. The court initially said it was striking the section 12022.53 enhancement to count 4, but later clarified that it was imposing a three-year four-month sentence on the enhancement but was "staying it."

## DISCUSSION

**I.     We Accept the Attorney General's Concession that Assembly Bill 333 Requires Reversal of the Gang Counts and Gang-Related Enhancements**[*]

Assembly Bill 333 (2021–2022 Reg. Sess.) became effective on January 1, 2022. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)  It made several changes to section 186.22.  "[W]hereas section 186.22, former subdivision (f) required only that a gang's members 'individually or collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang."  (*People v. Tran*, at p. 1206, italics added in original.)

"Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)"  (*People v. Tran*, *supra*, 13 Cal.5th at p. 1206.)  Also, "Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.' "  (*Ibid*.)

Unsurprisingly, the predicate offense evidence offered at defendant's trial does not satisfy these later-enacted requirements of Assembly Bill 333.  Accordingly, we accept the Attorney General's concession that the gang offenses and gang-related enhancements must be reversed.  They all may be retried.  (See *People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1033.)  In any event, defendant shall be resentenced.

---

[*] See footnote, *ante*, page 1.

**II. Trial Courts Do Not Have Discretion to Substitute a Section 12022.53 Enhancement with a Section 12022.5, Subdivision (a) Enhancement**

Defendant argues "with respect to the charged enhancements in appellant's case under section 12022.53, subdivisions (b) and (e)(1), the court could consider imposing an enhancement under section 12022.5, subdivision (a)." Not so. That option is foreclosed by section 12022.53, subdivision (j).

Section 12022.53, subdivision (j) provides in pertinent part:

"When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section *rather than imposing punishment authorized under any other provision of law*, *unless another enhancement provides for a greater penalty or a longer term of imprisonment*." (Italics added.)

The effect of this provision is clear. When a section 12022.53 enhancement has been admitted or found true, the court may not substitute it out for a more lenient enhancement from a statute outside of section 12022.53.

Section 12022.5, subdivision (a) does not provide " 'for a greater penalty or a longer term of imprisonment.' (§ 12022.53[, subd.] (j).)" (*People v. Johnson* (2022) 83 Cal.App.5th 1074, 1089.) And, of course, section 12022.5 is a law "other" than section 12022.53. Consequently, once a section 12022.53 enhancement is admitted or found true, trial courts are foreclosed by subdivision (j) from imposing punishment under section 12022.5 instead.

In following the plain language of subdivision (j), we part ways with *People v. Johnson*, *supra*, 83 Cal.App.5th 1089. There, the court held that section 12022.53, subdivision (j) does not preclude a court from striking the section 12022.53 enhancement and imposing a section 12022.5, subdivision (a) enhancement. But, as explained above, that is *precisely* what subdivision (j) precludes. What else could the phrase "rather than imposing punishment authorized under any other provision of law, unless another enhancement provides for a greater penalty or a longer term of imprisonment," mean if

7.

not that trial courts may not strike a section 12022.53 enhancement and replace it with a more lenient enhancement outside of section 12022.53?

In arriving at its contrary conclusion, *Johnson* relies heavily on the legislative intent behind Senate Bill No. 620 (2017–2018 Reg. Sess.), which modified section 12022.53, subdivision (h) to permit a court to strike or dismiss a section 12022.53 enhancement. *Johnson* says that its holding is consistent with Senate Bill 620's legislative intent to allow judges to impose sentences that fit the severity of the offense and give them an option to impose lighter sentences where appropriate.

At the outset, *Johnson* acknowledges the need to harmonize all parts of a statute. However, it then proceeds to elevate one purpose behind Senate Bill 620 to the complete exclusion of the plain meaning of subdivision (j).[5] *Johnson*'s reasoning fails to appreciate that "no legislation pursues its objectives at all costs." (*T-Mobile West LLC v. City and County of San Francisco* (2019) 6 Cal.5th 1107, 1123.) " 'Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice – and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.' " (*In re Friend* (2021) 11 Cal.5th 720, 740.)

We cannot leap from the premise that Senate Bill 620 was designed to give sentencing courts *some* additional flexibility, to the conclusion that whatever interpretation of section 12022.53 *most* increases sentencing flexibility must be the law. The reason for this is that "statutes have stopping points as well as general objectives, and how far to go in pursuit of those objectives is integral to the legislative choice."

---

[5] *Johnson* acknowledges that when " 'the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction.' " (*People v. Johnson*, *supra*, 83 Cal.App.5th at p. 1083.) Yet, in its very next sentence, *Johnson* posits that " 'the "plain meaning" rule does not prevent a court from determining whether the literal meaning of the statute comports with its purpose.' " (*Ibid*.) It is unclear how these two propositions can coexist.

8.

(*N.L.R.B. v. HH3 Trucking, Inc.* (2014) 755 F.3d 468, 471.)  The Legislature " ' "wrote the statute it wrote – meaning a statute going so far and no further." ' "  (*Jensen v. iShares Trust* (2020) 44 Cal.App.5th 618, 641.)

Senate Bill 620 did not alter subdivision (j), which remains fully operative. Consequently, we cannot look only to the legislative intent behind Senate Bill 620 without also considering the legislative intent behind subdivision (j).  And just as there is no doubt that Senate Bill 620's changes to subdivision (h) sought to give courts more sentencing options, neither can there be any doubt that subdivision (j) was intended to preclude certain other sentencing options.

Importantly, the plain meaning of subdivision (j) poses no conflict with Senate Bill 620's changes to subdivision (h), or with *People v. Tirado* (2022) 12 Cal.5th 688. Together, they provide the following framework:  A court may strike a section 12022.53 enhancement (§ 12022.53, subd. (h)) and substitute it for another enhancement under section 12022.53[6] (*Tirado*), but *not* for a more lenient enhancement *outside* of section 12022.53 (§ 12022.53, subd. (j).)

First, and most importantly, this is the only reading supported by the plain language of section 12022.53.[7]  Second, this reading still gives effect to Senate Bill 620's intent to provide additional sentencing options to trial courts.  Because of Senate Bill 620, trial courts are no longer limited to imposing a section 12022.53 enhancement, they may also strike them entirely.  This can result in a 10-year swing to a defendant's aggregate term in a subdivision (b) case and greater differences in cases involving the other enhancements under section 12022.53.  Third, this reading gives effect to subdivision (j)'s intent by precluding a third option: striking a section 12022.53 enhancement *and then imposing a more lenient enhancement outside of section 12022.53*.

---

[6] So long as the requisite underlying facts have been alleged and found true.

[7] Nor does this reading conflict with *Tirado* which permits courts to strike a section 12022.53 enhancement and then impose *another 12022.53 enhancement*.

9.

Finally, it does not run afoul of *Tirado*, which did not address "whether trial courts have discretion to strike a section 12022.53(b) enhancement and substitute an uncharged, section 12022.5(a) enhancement." [8] (*People v. Johnson*, *supra*, 83 Cal.App.5th at pp. 1086–1087.)

In sum, just because Senate Bill 620 sought to give trial courts some more options does not mean it was intended to give courts unlimited options. If the Legislature wanted to expand sentencing options in the manner discussed in *Johnson*, it would need to amend subdivision (j). And, of course, it is free to do so. In the meantime, subdivision (j) quite clearly precludes the sentencing option suggested by defendant.

### III. Defendant May Present Arguments Under Senate Bill No. 567, Assembly Bill No. 124, Assembly Bill No. 518, to the Trial Court in the First Instance on Remand[*]

Defendant contends that Senate Bill No. 567 (2021–2022 Reg. Sess.), Assembly Bill No. 124 (2021–2022 Reg. Sess.), and Assembly Bill No. 518 (2021–2022 Reg. Sess.) apply to his case because it is currently nonfinal. Because a resentencing will occur on remand, defendant can present arguments under these bills, or any other applicable sentencing laws, in the trial court in the first instance.[9] (Cf. *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

---

[8] Nor does *People v. Fialho* (2014) 229 Cal.App.4th 1389 support disregarding the plain language of subdivision (j). First, cases are not authority for propositions not considered and *Fialho* did not address subdivision (j) at all. (*People v. Fuller* (2022) 83 Cal.App.5th 394, 406 [Ramirez, P. J., concurring] rev. granted S276762.) Second, there was ultimately no valid section 12022.53 enhancement to impose in *Fialho*. Therefore, imposing an enhancement under section 12022.5 did not violate section 12022.53, subdivision (j)'s prohibition on *more lenient* outcomes arising under other statutes.

[*] See footnote, *ante*, page 1.

[9] Similarly, any contentions defendant may have regarding the firearm enhancements that have not been addressed in this opinion may be raised in the trial court in the first instance on remand.

## DISPOSITION

Defendant's convictions on counts 21, 26, and 28; the gang enhancements (§ 186.22) to counts 1 through 7, 9 through 14, 16 through 19, 23 through 24, and 27; and the gang firearm enhancements (§ 12022.53) to counts 1 through 4 are all reversed.  The matter is remanded for a possible retrial of these counts and/or enhancements.  In any event, defendant shall be resentenced.  In all other respects, the judgment is affirmed.

POOCHIGIAN, Acting P. J.

WE CONCUR:

DETJEN, J.

SMITH, J.

11.